Mr. Justice Cox
filed the opinion- of the Court:
A petition was filed in this case setting forth that a certain special assessment had been made upon property described in the petition and belonging to the petitioner in the year 1877. It alleges certajn defects in the assessment, *328 •by reason of which it is claimed that it was absolutely void. The petition goes on to say that afterwards, in 1881, without complaint by the parties interested, the assessment was revised and then was made to include several items not embraced in the original assessment, and that an assessment certificate had been issued, purporting to be a lien upon the property of the petitioner, and he asks that the writ of certiorari be issued directed to the proper officers, requiring them to return to this court all the proceedings resulting in this assessment, and that the same be quashed as void and illegal.
Counsel for the District moved to quash the writ of certiorari, which is really equivalent to a demurrer, upon grounds apparent upon the face of the petition. We assume, for the time being, that the facts stated in the petition are substantially true. The contention of the District is that the defects in the assessment are cured by the Act of Congress of 1878, which directed the Commissioners of the District to enforce the collection, according to existing law's, of all assessments prepared under the act of the legislative assembly of the District of 1871. It is conceded, by the counsel for the District, that, if that act does not cure defects, the assessment is plainly irregular and void.
The objections are, first, to the original assessment and next to the revision of it.
It is very difficult to say w'hat irregularities or defects in an assessment are cured by the Act of 1878, and perhaps it is not altogether safe to lay down any general rules or to go beyond the case that happens to be before the court for the time being. It may be as well here to examine the decision of the Supreme Court in the Mattingly Case, to see w'hat they decided on this subject. It appeared in the Mattingly Case that the property of the complainant was situated on Seventh street south, where an improvement had been made; that the assessments were regularly prepared by the Board of Public Works according to the rule *329 adopted by them, and a bill in equity was filed to cancel these assessments, and the grounds upon which they were ■assailed were, first: That the Board was not authorized by ■law to make the improvement along Seventh street, the ■organic act having limited the power of the Board of Public Works to make improvements to such as may be authorized in advance by law; second, that no law existed at the time when the assessments were made, prescribing the manner in which the board should make assessments; third, that assessments according to the frontage on the street were unauthorized and illegal; and fourth, that in making the assessments, no part of the costs of the improvements were charged upon school house and church property.
The organic act directed that “the Board of Public Works shall assess, in such manner, as shall be prescribed by law, upon the property adjoining and to be specifically benefited by the improvements authorized by law and made by them, a reasonable proportion of the cost of the improvements, not exceeding one-third of such cost, which sum shall be collected as all other taxes are collected.”
Now, the duty devolved upon the legislative assembly to prescribe by law the manner in which these assessments ■should be levied. In point of fact, the District Legislature never passed any law directing whether these assessments should' be made according to frontage, area or valuation, ■and therefore it was contended that the Board of Public Works had no guide at all in making their assessments and no authority in law to make them in any particular way, either by frontage or area. The fourth ground made in the Mattingly Case, as I have already stated, was, that in making the assessment no part of the cost of the improvement ivas charged against school and church property, but the whole one-third of the cost was charged against other adjoining property. Now, the Supreme Court, in this case, referred to the Act of 1878, and held that that act removed three of these objections. In the firdt place, that inasmuch *330 as these assessments had been prepared under the act of the legislative assembly of 1871, and the Commissioners were directed to enforce the collection of such assessments, this, was a ratification of the act of the board in having this work done; in other words, it supplied the authority for-doing this work; and, in the next place, that the mode of assessing was thereby also ratified. As to the fourth exception, the court held that it was provided for in the act itself,, because it gave power to revise and correct errors in the charges. To this extent this decision went, but the Supreme-Court did not undertake, by their decision, and we cannot think that Congress ever intended, by the Act of 1878, to give validity to everything that is called an assessment and that is said to be -prepared under the legislative Act of 1871, when the so-called assessment has not a single element which is. vital to its integrity. Let us suppose, for example, that the assessment was levied upon property which does not adjoin the improvement; it .cannot be said that such assessment was prepared uncle/r the Act of 1871, or that Congress ever intended to legitimatize such an assessment. We have decided this point in the case of Johnson against District of Columbia, 7 Mackey, 220. In that case, it appeared that the assessments were made in the fall of 1876, before the Act of 1878 was passed. It was a case which arose in reference to the paving of Maryland avenue where Virginia avenue and Maryland avenue and C street intersect between. Seventh and Eighth streets. And it was sought to charge a proportion of the cost of paving Maryland avenue upon the lots fronting on this square, but which did not abut on the avenue, as adjoining and specially benefited by the improvement, and we held that that assessment was void because the property did not adjoin and was not benefited by the improvement. It was not even suggested, in that case, that the Act of 1878 had the effect of giving validity to that assessment.
Then, again, suppose the assessment is made without *331 giving notice of the cost of the improvement, etc., to the proprietor. The law of 1871, passed by the legislative assembly, prescribes that “within ten days after the making of the assessment the Board of Public Works shall give, or cause to be given, written or printed notice to each proprietor of property adjoining and specially benefited by any improvement, of the amount assessed against the same, if he be a resident of the District of Columbia, and if he be a non-resident to his tenant or agent, requiring the amount to be paid within thirty days fr.om the date of such notice.” It further provides “ that if any person or persons, notified as aforesaid, shall neglect or refuse to pay the amounts assessed against his or their property as aforesaid, after the expiration of thirty days, the said Board of Public Works shall immediately thereafter issue certificates of indebtedness against the property, and until paid the assessment certificate shall remain and bo a lieu upon the property.”' In other words, the authority is to issue this certificate and. create a lien upon a man’s property upon his failure to pay after notice. Now, to say that where no notice is given him stall and where he is consequently not in default, a certificate may issue as a charge upon the property is preposterous. It It was so decided in the case of McDonald vs. Littlefield, 5 Mackey, 574. This court held, in that case, that assessments of that sort were absolutely void. It is true that in that case the assessment was not a completed assessment before-the Act of 1878 was passed, but there was simply a statement of the costs prepared, the assessment not being made-until afterwards, and for that reason the court held that, since the Act of 1878 only embraced assessments that had. already been prepared and made as charges upon property,, it did not apply; but the court also said in that case, that even if it could be regarded as an assessment, it was a void, one because not made in compliance with the Act and’, without notice of any kind to the owner of the property. It. was pretty apparent, I think, that even if the assessment. *332 had been made before the Act of 1878 was passed, the court would not have sustained it.
Again, suppose that the assessment is not made by the proper person. The Board of Public Works only was authorized to make the assessment. Suppose it had been made by the governor or secretary, or some underling in office, or, as in the present case, by the surveyor; that is obviously a fatal defect in the assessment, and manifestly it could hardly have been the intention of Congress to cure an assessment completed in- that manner. We have no decision upon the direct question, but it seems to me very plain that Congress never could have intended anything of that sort. I now come to the defects in the assessment here •complained of. It is said that the assessment is not signed by the Board of Public Works, but simply by the surveyor; and next, that the charges upon the property of the petitioner were not legal, as it does not adjoin some of the improvements charged for, and therefore is not benefited by it; and third, that no notice was ever given to the proprietor of the lots, which was necessary in order to justify the issuing of this lien certificate. The petition then goes on further to say that the revision took place without any •complaint from anybody, and further, that the revision •embraces items not in the original assessment. We have •already expressly decided in the case of Schneider against the District of Columbia, 7 Mackey, 252, that the power .given to the District Commissioners to revise special assessments of the Board of Public Works, by the Act of 1878, •does not include the power to add charges to the assessment not named in the original assessment. The court ;say, that under the law the Commissioners had no power in revising an assessment “ to add charges for improvements not named in the original assessment;” and they say further, “ and we think it was not competent in the original .assessment to assess for anything but what was embraced in the contract between the parties; that it was not compe *333 tent to make a contract for a certain improvement, for the-doing of certain work upon the streets, any part of the cost of which was to be charged against the abutting property,, and then when the work was completed or some work done-(whether that work or some 'other) to make an assessment against the parties for the doing-of-work entirely different, from that contracted for.”
This also is another defect alleged to exist in this assessment.
It is plain, therefore, that on the face of this petition there are very striking defects both in the original assessment and the revision, and that these defects, for the purpose of this motion, must be taken as truly stated. The motion to quash must be overruled and the defendants are-required to make a return to the certiorari.